June 21st, 1907.

————o————

## No. 4266.

(Court of Appeal, Parish of Orleans.)

### HENRY BLOCK CO., LTD. vs. JOSEPH PAPANIA.

1. Where a plea of prescription is maintained only so far as concerns certain items on the account sued on and thereafter the cause is set for trial on the unprescribed portion of the account and judgment is rendered in favor of the plaintiff therefor, the ruling of the judge on the plea may be reviewed by an Appellate Court only by appeal taken from the *final* juddgment rendered in the cause.
2. The interlocutory judgment sustaining the plea of prescription to a portion of the debt causes under the circumstances of this cause, no irreparable injury and cannot be separately appealed from.

Appeal from Civil District Court, Division "D."

Gus. Lemle, I. R. Saal, for Plaintiff and Appellant.

A. J. Rossi & A. J. Peters, for Defendant and Appellee.

MOORE, J. This was a suit on an open account running

from Dec. 4, 1900, to Sept. 26, 1906, and showing a balance due of $463.82. The petition was served on the 10th Feby., 1907. A plea of prescription of three years having been interposed it was maintained, to quote from the judgment, "as to all items or claims prior to Feby. 1st, 1904, and plaintiff ordered to file a new account as to all items which they claim to be due the m,, subsequent to Feby. 1st, 1904."

Subsequently, to-wit, on the 10th day of May, 1907, the parties litigants entered into and filed with the Court the following agreement:

"Without waiver of plaintiff's right to appeal from the judgment rendered on the plea of prescription filed by defendant and with full understanding and agreement that the said judgment will be appealed from, it is understood and agreed by and between counsel for plaintiff and defendant that judgment shall be rendered herein in favor of plaintiff and against defendant for one hundred and thirty-one 42/100 dollars and that the same shall be signed without the delays provided by law."

Thereupon the Court, "considering the agreement of counsel on file herein," rendered and signed a judgment accordingly, adding therein, "This without waiver of plaintiff's right to appeal from the judgment heretofore rendered herein on the plea of prescription filed by defendant." On the same day plaintiff applied for and obtained an order of appeal from the subsequent judgment, to-wit: The judgment rendered a month earlier sustaining the plea of prescription to a part of the account sued on. No appeal was taken from any other judgment.

It seems as if the parties hereto treated the case below as if two separate and distinct suits were pending—one based on the prescribd portion of the account and the other on the unprescribed portion, and that therefore the judgment maintaining the plea of prescription and dismissing so to speak, the former suit is separate and independent from the judgment in the latter suit; and counsel for both the appellant and the appellee have stated at the bar of the Court that we should, in effect, so regard the cause.

It would be equally fatal to appellant's right to maintain this appeal however we might regard the cause. If we should regard it as suggested by counsel, then the judgment maintain-

ing the plea of prescription and consequently dismissing the suit, is a final and definitive judgment and would then require, what it has not, the signature of the judge before an appeal would lie therefrom. Until such judgments are signed they are inchoate and the appeal premature. C. P. 546.

So essential is signature to final judgments that even consent may not dispense with it. Ex. Bird vs. Bird, 23 A. 262.

If on the other hand the cause be regarded, as it really is, as but one suit, then the judgment sustaining the plea to a portion of the account is merely interlocutory and required no signature, but it is reviewable on appeal only by an appeal taken from the final judgment in the cause, which was the judgment rendered and signed on the 10th May, 1907. This judgment is not appealed from.

We are not unmindful of the fact that there are a class of interlocutory judgments which, though requiring no signature, may none the less be appealed from. These are known as interlocutory judgments which cause an irreparable injury. C. C. 566.

In the instant cause no irreparable injury is averred in the motion for appeal and none can possibly arise from an interlocutory judgment of this character when the appeal from the final judgment would have brought up for decision the ruling of the lower judge on the plea sustained.

As an appeal may not ascend by fractions, except in the cases stated, and as this case is not so considered we are without authority to review the interlocutory judgment, herein rendered and are therefore constrained *ex proprio motu*, to dismiss the appeal, and it is dismissed.